IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

CLYDE R. FRYE,

        Plaintiff,

v.                              CIVIL ACTION NO. 3:08-0024

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

## FINDINGS AND RECOMMENDATION

In this action, filed under the provisions of 42 U.S.C. § 405(g), plaintiff seeks review of the final decision of the Commissioner of Social Security denying his application for disability insurance benefits. The case is presently pending before the Court on cross-motions of the parties for judgment on the pleadings.

Plaintiff filed his application on October 12, 2004, alleging disability commencing July 9, 2001,[1] as a consequence of "neck and shoulder nerve damage/depression and anxiety." On appeal from an initial and reconsidered denial, an administrative law judge, after hearing, found plaintiff not disabled in a decision which became the final decision of the Commissioner when the Appeals Council denied a request for review. Thereafter, plaintiff filed this action seeking review of the Commissioner's decision.

---

[1] Plaintiff's insured status expired September 30, 2005, and it was incumbent upon him to establish disability on or before that date. Harrah v. Richardson, 446 F.2d 1, 2 (4th Cir. 1971).

At the time of the administrative decision, plaintiff was forty-one years of age and had obtained a high school education. His past relevant employment experience consisted of work as an off-road technician, truck diesel mechanic, maintenance worker and tool machine operator. In his decision, the administrative law judge found that plaintiff suffered from neck and shoulder pain, depression and anxiety, impairments which he considered severe. Though concluding that plaintiff was unable to perform his past work,[2] the administrative law judge determined that he had the residual functional capacity for a limited range of light work. On the basis of this finding, and relying on Rule 202.21 of the medical-vocational guidelines[3] and the testimony of a vocational expert, he found plaintiff not disabled.

Review of the record reveals deficiencies which will require remand for further proceedings. Plaintiff's claim here is predicated mainly on the pain and limitations he experiences due to problems in his neck, shoulders and left upper extremity. He suffered a work injury to this area on his alleged onset date, July 9, 2001, and MRI's of the cervical spine have demonstrated congenital narrowing of the spinal canal, degenerative changes causing additional narrowing and bulging discs. In terms of treatment, plaintiff has taken different kinds of medications and had physical therapy, epidural steroid injections, and trigger point injections. In June 2005, he had surgery for transposition[4] of the

---

[2] This finding had the effect of shifting a burden of production to the Commissioner with respect to other work plaintiff was capable of performing. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981); McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

[3] 20 C.F.R. Part 404, Subpart P, Appendix 2, Table No. 2.

[4] Movement of an organ or other structure from one side or area to another while keeping one end attached. Attorney's Dictionary of Medicine T-205 (2007).

ulnar nerve in the left arm which he testified had not resulted in any improvement in the pain and weakness he experienced there.

Plaintiff also suffers from depression and anxiety and has had counseling with Ken Devlin, M.A. while in treatment at the Cabell Huntington Hospital Regional Pain Management Center. Despite all the different kinds of treatment plaintiff has utilized, he continued to complain of significant pain, poor sleep and limitation on daily activities. He testified he did not have much difficulty with sitting, depending upon the position, and reports indicate he was able to sit and work at his computer. Reports documented pain, tenderness and restriction of motion in the neck in all directions on a continuing basis. Though plaintiff's shoulder symptoms improved initially in late 2001 and early 2002, shortly after the injury occurred, more recent reports show tenderness and restricted range of motion in this area as well. Plaintiff also began reporting weakness in the left arm in January 2004 along with numbness and tingling in some of the left hand fingers resulting from the left ulnar neuropathy which was demonstrated by nerve conduction studies taken May 10, 2004. The June 2005 surgery was intended to decrease or eliminate these symptoms, but, as noted, plaintiff testified that it had not, and the most recent evaluation in the record, a December 5, 2005 Independent Medical Examination, confirms this. Dr. Guberman, who performed this exam, detected moderate tenderness as well as diminished sensation in the ring and small fingers of the left hand, and decreased grip strength in the hand also. The left elbow, where the surgery had been performed, was also moderately tender with restricted range of motion.

The only opinions as to residual functional capacity came from state agency medical advisors who reviewed the evidence. There were two such assessments with regard to plaintiff's physical

abilities, both reflecting that he could lift/carry, stand/walk and sit consistent with light level work.[5] The assessments also contain limitations relative to never climbing ladders, ropes or scaffolds; occasional climbing of ramps or stairs; occasional crawling;[6] and limited reaching in all directions (including overhead) with the left upper extremity. Both contain a limitation on exposure to hazards, although to a different degree.[7]

The administrative law judge found, inter alia, that plaintiff would be limited in ability to reach in all directions, consistent with these assessments. As plaintiff has pointed out in his brief, however, when questioning the vocational expert, the administrative law judge included a less restrictive assumption in this area. He asked this witness to assume plaintiff was "limited with his ability to reach overhead . . .." While the administrative law judge may have just misspoken, it creates a problem with regard to a significant issue in this case. The Commissioner has made several arguments in an attempt to downplay the problem and explain that it really has no effect on whether plaintiff can work; however, the court is not persuaded.

In his brief, the Commissioner gave examples of the two light and two sedentary jobs listed by the vocational expert at the hearing. Taking these examples and examining their characteristics,

---

[5]While plaintiff suggested that an ability to stand/walk "about" six hours in an eight-hour workday is a limitation on the ability to perform light work, to the contrary, it is entirely consistent with the specifications of light work as found in the regulations and social security rulings. See 20 C.F.R. § 404.1567(b), and Social Security Ruling 83-10 (a full range of light work "requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday.")

[6]The more recent evaluation contains a limitation to only occasional balancing, stooping, kneeling and crouching also.

[7]One contains a limitation on "concentrated" exposure to hazards while the other precludes "even moderate exposure" to hazards.

the Court observes that all four of them specify that reaching is done "frequently," which is from one-third to two-thirds of the time. It is not specified in what position reaching would be done;[8] however, a preclusion on reaching in all directions as found by the administrative law judge would clearly be contrary to this requirement. It appears, therefore, that plaintiff would be unable to perform any of the jobs cited. Thus, the Commissioner has failed to meet his burden of production with respect to other work plaintiff could perform,[9] and remand will be required for procurement of additional vocational expert testimony.

Another factor missing from the hypothetical question completely was any consideration of plaintiff's limited neck mobility. He testified he spends much of his day in a recliner with a special pillow behind his neck. When forced to sit in a straighter chair, holding his head in a fairly neutral position, such as at the hearing, he indicated he would be able to do this for only approximately an hour before needing to lean his head against a wall or place it in some other position to take pressure off his neck. Examinations have consistently demonstrated limited cervical range of motion in all directions, usually associated with some pain, and this clearly is a factor that the vocational expert should have been asked to consider when listing jobs which met plaintiff's particular limitations. When plaintiff's counsel asked this witness to consider as credible plaintiff's testimony about the limitation of neck movement he has, along with the pain he experiences with range of motion, the

---

[8]While the Commissioner argued that any reaching required could be done with the right arm, this is clearly speculation.

[9]See, Hall v. Harris, supra; McLaimore v. Weinberger, supra.

vocational expert stated plaintiff would not be able to do any of the jobs he had listed because they all require the ability to look around.[10]

A vocational expert's opinion is of value only if given in response to "proper hypothetical questions which fairly set out all of claimant's impairments." Walker v. Bowen, 889 F.2d 47, 50-51 (4th Cir. 1989).[11] Inasmuch as the hypothetical question posed by the administrative law judge here fell short of this standard, the vocational expert's testimony could not provide substantial support for the Commissioner's conclusion that there was other work plaintiff could perform, and this issue clearly needs to be reconsidered on remand.

**RECOMMENDATION**

In light of the foregoing, it is **RECOMMENDED** that this case be remanded to the Commissioner for further proceedings consistent with these Findings and Recommendation.

Plaintiff and defendant are hereby notified that a copy of these Findings and Recommendation will be submitted to the Honorable Robert C. Chambers, United States District Judge, and that, in accordance with the provisions of Rule 72(b), Fed. R. Civ. P., the parties may, within thirteen days of the date of filing these Findings and Recommendation, serve and file written objections with the Clerk of this Court, identifying the portions of the Findings and Recommendation to which objection is made and the basis for such objection. The judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made in accordance with the provisions of 28 U.S.C. §636(b) and the parties are advised that

---

[10] While plaintiff indicated to some sources he did some driving, which obviously requires neck movement, he reported most of the time that he drove very little.

[11] See also, O'Leary v. Schwicker, 710 F.2d 1334, 1343 (8th Cir. 1983); Hicks v. Califano, 600 F.2d 1048, 1052 (4th Cir. 1979).

failure to file timely objections will result in a waiver of their right to appeal from a judgment of the district court based on such Findings and Recommendation. Copies of objections shall be served on all parties with copies of the same to Judge Chambers and this Magistrate Judge.

The Clerk is directed to file these Findings and Recommendation and to mail a copy of the same to all counsel of record.

ENTER: March 12, 2009

MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE